**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| BRIAN CLICK, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 3:24-cv-00451 |
| | ) | |
| v. | ) | |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S UNOPPOSED MOTION TO STAY THE CASE**

Defendant CSX Transportation, Inc. ("CSX") moves to stay proceedings in this case – including the deadline to answer or otherwise respond to Plaintiffs' Complaint – pending a decision in an earlier-filed, related putative class action lawsuit – *Bell v. CSX Transp., Inc.*, No. 1:18-cv-744 (D. Md.) – on a potential transfer of venue for some of the claims. This Court has already transferred a substantially similar lawsuit to Maryland to be consolidated with the *Bell* case (*see Billingsley v. CSX Transp., Inc.*, No. 3:19-cv-858), and the current case – the "*Click* lawsuit" – is even more like *Bell* than was that earlier case. The *Bell* court is currently considering whether the claims of the non-Maryland plaintiffs should be transferred to the judicial district in which those plaintiffs reside. Should the

*Bell* court retain those claims, CSX intends to move to transfer this case to Maryland to be consolidated with the *Bell* case. This would be the most efficient course of action, given that (1) the *Bell* case was filed years earlier and substantial discovery has already been conducted; (2) some of the claims pled in this lawsuit have already been decided in *Bell*; and (3) the two cases involve some of the same witnesses and evidence.

## BACKGROUND

### A. The *Bell* Lawsuit

In March 2018, counsel for Plaintiffs filed a putative class action lawsuit in the U.S. District Court for the District of Maryland alleging various FMLA claims against CSX. The class claims pled in *Bell* are identical to the class claims pled in this case. *Compare* Declaration of Thomas Chiavetta ("Chiavetta Decl.") Ex. 1 (*Bell* Complaint) with ECF No. 1 (Compl.). In both cases, Plaintiffs claim that CSX violated the FMLA by (1) "unlawfully inflat[ing] the amount of time employees are charged for FMLA leave"; (2) "implement[ing] an attendance policy that explicitly punishes employees for taking lawful FMLA leave"; and (3) "terminat[ing] or suspend[ing] over 100 employees on the allegation that these employees had fraudulently taken FMLA leave." *See* Chiavetta Decl. Ex. 1 ¶¶ 3-5; Compl. ¶¶ 3-5. CSX denies these claims.

CSX moved to stay the *Bell* case pending arbitration of claims challenging the same discipline that was challenged in the lawsuit. (Chiavetta Decl. ¶ 3.) In addition, CSX moved for summary judgment on the *Bell* plaintiffs' claims challenging CSX's method of calculating FMLA leave and CSX's attendance policy. (*Id.*) While those motions were pending, the parties engaged in intensive discovery including the exchange of tens of thousands of pages of documents and more than 40 depositions. (*Id.* ¶ 4.)

On November 19, 2018, the *Bell* court granted CSX's motion to stay the case pending arbitration of the plaintiffs' discipline claims. (*Id.* ¶ 5 & Ex. 2 (Order Granting Motion to Stay).)

On May 16, 2019, while the stay was still in effect, the *Bell* court granted summary judgment to CSX on the plaintiffs' FMLA calculation and attendance policy claims. *Bell v. CSX Transp., Inc.*, No. 18-cv-0744, 2019 WL 2146917, at *4-7 (D. Md. May 16, 2019). The court concluded that "Plaintiffs' contention that they are systematically overcharged for FMLA leave is wholly lacking in factual support and is fundamentally flawed as a matter of law." *Id.* at *4. Plaintiffs' attendance policy claim fared no better; the Court concluded that, "as a matter of law, the CAPS Policy does not violate the FMLA." *Id.* at *7.

**B. The *Billingsley* Lawsuit**

After receiving those rulings, in July 2019, counsel for Plaintiffs filed a lawsuit in this Court re-asserting some of the same claims alleged in *Bell* but on behalf of a different group of individual plaintiffs. *See Billingsley v. CSX Transp., Inc.*, No. 3:19-cv-858 (M.D. Fla.); Chiavetta Decl. ¶ 7 & Ex. 3 (*Billingsley* Compl.). The plaintiffs in *Billingsley* – like the plaintiffs in *Bell* and the plaintiffs in *Click* – alleged that CSX's attendance policy was unlawful and that CSX had disciplined employees in retaliation for taking FMLA leave.[1] *See* Chiavetta Decl. Ex. 3.

Given the overlap between the *Bell* and *Billingsley* complaints, CSX moved to transfer the *Billingsley* case to Maryland. (Chiavetta Decl. ¶ 8.) This Court granted that motion. *See* Chiavetta Decl. Ex. 4 (Mar. 26, 2020 Order re: Motion to Transfer Venue). While weighing a variety of factors, the Court was "particularly moved to transfer th[e] [*Billingsley*] case owing to Maryland's familiarity with this case and the efficiency and consistency to be achieved through the transfer . . . ." (*Id.* at 4.) The Maryland court subsequently consolidated *Bell* and *Billingsley*. (Chiavetta Decl. Ex. 5.)

[1] The *Billingsley* plaintiffs did not claim that CSX's method of calculating FMLA leave was unlawful.

**C. Subsequent Procedural Developments**

The *Bell* case remained stayed for several years pending arbitration of claims challenging whether the discipline assessed to individual plaintiffs was justified under the collective bargaining agreement. *See* Chiavetta Decl. Ex. 7 (Apr. 1, 2024 order lifting stay). At the conclusion of the arbitration proceedings, in September 2023, the court invited CSX to either file a motion closing the case by dismissal or other means or notify the Court why such motion was not appropriate. (Chiavetta Decl. ¶ 10.) CSX subsequently moved for summary judgment on the grounds that Plaintiffs' FMLA retaliatory discipline claims were precluded by the Railway Labor Act ("RLA"), and on the grounds that Plaintiffs who lost on the merits in arbitration were collaterally estopped from re-litigating whether CSX had a legitimate, non-retaliatory reason for their discipline. (*Id.*) CSX did not move for summary judgment on the merits of Plaintiffs' retaliatory discipline claims because discovery has not yet been completed.

In *Bell*, both before and after the stay, plaintiffs had moved for leave to file proposed amended Complaints which together added dozens of individual plaintiffs. (*Id.* ¶ 9.) The *Bell* Court had previously indicated that, when the stay was lifted, Plaintiffs' motion to amend their complaint would be granted to the extent they sought to add FMLA retaliation claims for those new plaintiffs. *See* Chiavetta Decl. Ex. 6 ¶ 5. However, as of when CSX moved for summary

judgment, those individuals had not yet been admitted to the case. (Chiavetta Decl. ¶ 11.) Accordingly, in its motion for summary judgment, CSX stated that "to ensure that all of the individuals named as plaintiffs in either the proposed First or Second Amended Complaints are bound by the Court's judgment, before dismissing their claims, the Court should formally admit them to this case." (*Id.*) Pointing to this language, before issuing its summary judgment ruling, the Court observed that "[t]he parties appear to agree that it would be appropriate for these 44 plaintiffs" – referring to the individuals named in the proposed First and Second Amended Complaints – "to be admitted as parties to this case . . . ." (Chiavetta Decl. Ex. 7 at 1.) Accordingly, the Court ordered that Plaintiffs move for leave to amend their complaint and expressed its expectation that the motion would be "made on a consent or unopposed basis." (*Id.* at 2.)

Plaintiffs in *Bell* subsequently proposed filing an amended Complaint which named as plaintiffs not only the 44 individuals who had been named previously but also six individuals who had not previously been named: Brian Click, Nicholas Ingrodi, Brad Jackson, Jeremy Likes, Chris Straight, and Antoine Thompson.[2] (Chiavetta Decl. ¶ 12.) CSX did not believe the Court's order authorized Plaintiffs to add newly-identified individuals to the case; it read the Order as limiting

[2] The seventh plaintiff in this case – Harvey Ferran – was named as a plaintiff in the *Bell* plaintiffs' proposed First Amended Complaint filed in June 2018. *See* Chiavetta Decl. ¶ 14. It is unclear why he was not named in the First Amended Complaint ultimately filed in *Bell*.

admission – at least for the time being – to the 44 people named in the proposed Complaints filed previously. (*Id.* ¶ 13.) Moreover, whereas the record already contained evidence regarding the arbitration claims of those 44 people, it did not contain any evidence whatsoever regarding the arbitration claims of the newly-identified individuals, and the Court had said that its summary judgment ruling was imminent. (*Id.*) Accordingly, under those circumstances, CSX did not consent to the newly-disclosed plaintiffs being added to the *Bell* case at that particular time. (*Id.* & Ex. 8.) However, CSX expressly stated that, "after the Court's summary judgment ruling, if the case continues, CSX is willing to reconsider whether it would consent to the admission of these individuals to this lawsuit." (Chiavetta Decl. Ex. 8 at 2.)

Rather than waiting for the Court's summary judgment ruling, Plaintiffs filed this lawsuit. One day later, on May 8, 2024, the *Bell* Court issued an order denying CSX's motion for summary judgment. (Chiavetta Decl. ¶ 14.) The Court also issued a separate order noting that, "of the 63 Plaintiffs, only 6 are residents of Maryland," and ordering the parties to show cause as to why the claims of the 57 non-Maryland Plaintiffs should not be transferred to the judicial districts in which those plaintiffs reside. (Chiavetta Decl. Ex. 9 at 1.) The Court has not yet ruled on the venue issue but has indicated that it will do so after the parties participate in a mediation and settlement conference. (*Id.* at 2.)

**ARGUMENT**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Given that *Bell* was filed years earlier, and involves many of the same claims and some of the same witnesses, transferring this case to Maryland would be the most efficient course of action. *Cf. Billingsley v. CSX Transp., Inc.*, No. 3:19-cv-858, 2020 WL 13349080, at *2 (M.D. Fla. March 26, 2020) ("The Court is particularly moved to transfer this case owing to Maryland's familiarity with this case and the efficiency and consistency to be achieved through the transfer . . . ."). It would also eliminate the risk of inconsistent judgments, given that the Court in Maryland has already granted summary judgment to CSX on the exact same attendance policy and FMLA calculation claims pled here. *See Bell*, 2019 WL 2146917, at *4-7; *compare* Chiavetta Decl. Ex. 1 (Bell Compl.) ¶¶ 3-4 *with* Compl. ¶¶ 3-4.

Moreover, none of the 7 named Plaintiffs resides in Florida, 1 resides in Maryland, and 5 of the remaining 7 live substantially closer to Maryland than they do to Florida. *See* Compl. ¶ 9 (Click resides in Kentucky); ¶ 10 (Ferran resides in Indiana); ¶ 11 (Ingrodi resides in Maryland); ¶ 12 (Jackson resides in South Carolina); ¶ 13 (Likes resides in Indiana); ¶ 14 (Straight resides in Ohio); *cf. zIT*

*Consulting GmbH v. BMC Software, Inc.*, No. 6:15-cv-1012, 2016 WL 231215, at *8 (M.D. Fla. Jan. 15, 2016) ("[l]ess weight is afforded [to plaintiff's choice of forum]" when case is filed outside plaintiff's home forum). Accordingly, transferring this case to Maryland would not burden Plaintiffs. To the contrary, a transfer would be far more efficient than litigating (and, in some cases, re-litigating) all of these claims from scratch. However, if the claims of non-Maryland plaintiffs were transferred from Maryland, that development would likely be considered in determining whether this case – which includes six non-Maryland plaintiffs – should be transferred to Maryland. The Court should therefore stay this case pending a decision from the *Bell* court on whether to transfer claims of non-Maryland plaintiffs.

**Local Rule 3.01(g) Certification**

Counsel for CSX has conferred with counsel for Plaintiffs and Plaintiffs do not oppose this motion.

Dated: June 4, 2024

*<u>/s/ Thomas R. Chiavetta</u>*
Thomas R. Chiavetta
JONES DAY
51 Louisiana Ave., N.W.
Washington, DC 20001
(202) 879-3975
tchiavetta@jonesday.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2024, a true and accurate copy of the foregoing was filed using the CM/ECF system which will send notification of such filing to Plaintiffs' counsel.

*/s/ Thomas R. Chiavetta*