**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| NICHOLAS INGRODI, and<br>BRAD JACKSON,<br><br>Plaintiffs,<br><br>v.<br><br>CSX TRANSPORTATION, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:24-cv-00451 |

**DEFENDANT CSX TRANSPORTATION, INC.'S**
**<u>ANSWER TO PLAINTIFFS' AMENDED COMPLAINT</u>**

Defendant CSX Transportation, Inc. ("CSX"), by and through its undersigned counsel, hereby answers the Amended Complaint filed by Plaintiffs Nicholas Ingrodi ("Ingrodi") and Brad Jackson ("Jackson"), collectively "Plaintiffs"). CSX has moved simultaneously to dismiss the claims of Nicholas Ingrodi on the grounds that they are time-barred and thus, to the extent allegations relate exclusively to Plaintiff Ingrodi's claims, CSX does not answer them. CSX denies all of the allegations contained in the Amended Complaint unless expressly admitted herein. CSX answers the allegations in the like-numbered paragraphs of the Amended Complaint as follows:

## INTRODUCTION

1. CSX admits that it is one of the largest railroads in the United States, that it operates a 365-days-a-year business, and that some employees must work on weekends and holidays. CSX lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding what certain unspecified employees understand about their employment, and thus denies those allegations on that basis. CSX further denies that it requires employees to work through serious illnesses, miss their children's births, and/or choose between caring for their sick loved ones and keeping their jobs.

2. The first sentence of Paragraph 2 states a conclusion of law as to which no response is required. To the extent any response is required, CSX admits that the Family Medical Leave Act ("FMLA") entitles eligible employees to take leave for specified family and medical reasons, subject to various terms and conditions. CSX denies the remaining allegations contained in Paragraph 2.

3. CSX admits that, under its attendance policy applicable to some employees, employees accrue points for certain absences (not including FMLA leave), and that points are deducted from an employee's accumulated point total provided the employee does not accrue any points and has not otherwise been absent for any reason, with certain exceptions, over a specified period of time. CSX further admits that an employee who takes leave for vacation, personal leave, jury

duty, a work-related illness or injury with a valid doctor's note, or paid bereavement leave remains eligible to have attendance points removed from their record. CSX denies the remaining allegations contained in Paragraph 3.

4. CSX denies the allegations contained in Paragraph 4.

5. CSX denies the allegations contained in Paragraph 5.

6. CSX denies violating the FMLA. CSX admits that, in March 2018, some current and/or former CSX employees filed *Bell v. CSX Transportation, Inc.*, No. 1:18-cv-744 (D. Md.), a putative class action lawsuit alleging various FMLA claims (including that CSX's attendance policy violates the FMLA); that the *Bell* plaintiffs chose not to seek class certification; and that the *Bell* court subsequently severed the claims of non-Maryland plaintiffs, and transferred them to the district in which each such plaintiff resided at the time of the discipline challenged in the Complaint. CSX is without knowledge or information sufficient to form a belief as to the truth of the allegation that each *Bell* plaintiff whose case was transferred to a different district still resides in that district, and therefore denies that allegation. CSX further denies each and every remaining allegation contained in Paragraph 6.

7. CSX denies that this lawsuit, which was filed in May 2024, was filed contemporaneously with the *Bell* lawsuit, which was filed in March 2018. CSX further denies that each Plaintiff in this case was a "member[ ] of the putative

class in *Bell*"; the *Bell* Complaint alleged three putative classes, and it is unclear which of these putative classes Plaintiffs are referencing. CSX admits that some of the claims made by Plaintiffs in this case are the same as claims made by the plaintiffs in *Bell*. CSX further admits that Plaintiffs in this case initially pled class claims in addition to individual claims but have since decided to abandon their class claims and proceed solely on an individual basis. CSX also admits that five of the seven individuals who brought this suit have since dismissed their claims, leaving only two plaintiffs remaining: Nicholas Ingrodi and Brad Jackson. CSX denies each and every remaining allegation contained in Paragraph 7.

8. CSX admits the allegations in Paragraph 8.

**PARTIES**

9. The allegations in Paragraph 9 relate solely to Plaintiff Ingrodi's claims, which CSX has moved to dismiss, and thus no response to them is required.

10. CSX admits that Jackson worked for CSX from 2005 until his termination. CSX lacks knowledge or information sufficient to form a belief as to the truth of the allegation of Plaintiff's current residence, and therefore denies it.

11. CSX admits the allegations contained in Paragraph 11.

## JURISDICTION AND VENUE

12. The allegation contained in Paragraph 12 states a conclusion of law as to which no response is required. To the extent any response is required, CSX admits that this Court has jurisdiction over Plaintiff Jackson's FMLA claims under 28 U.S.C. § 1331. The remaining allegations in Paragraph 12 relate solely to Plaintiff Ingrodi's claims, which CSX has moved to dismiss, and thus no response to them is required.

13. CSX denies engaging in illegal conduct. CSX admits that it is headquartered in this district. Plaintiffs' allegation that venue is proper in this district is a legal conclusion to which no response is required. To the extent any response is required, CSX admits that venue is proper in this district.

## FACTUAL ALLEGATIONS

14. CSX admits the allegations contained in Paragraph 14.

15. CSX admits the allegations contained in Paragraph 15.

16. CSX denies the allegations contained in Paragraph 16.

17. CSX denies the allegations contained in Paragraph 17.

18. CSX denies the allegations in Paragraph 18 insofar as they imply that CSX requires employees to work through serious illnesses, miss their children's birth, and/or choose between working and caring for their sick loved ones. CSX lacks knowledge or information sufficient to form a belief as to the truth of the

allegation regarding what certain unspecified employees know or do not know about their employment, and thus denies those allegations on that basis. CSX further denies any remaining allegations contained in Paragraph 18.

19. CSX lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 19, and therefore denies it.

20. CSX denies the allegations contained in Paragraph 20.

21. CSX denies the allegations contained in Paragraph 21.

22. CSX denies the allegations contained in Paragraph 22.

23. CSX admits that, under its attendance policy applicable to some employees, employees accrue points for certain absences (not including FMLA leave), and that the accumulation of points can eventually lead to an employee's dismissal. CSX further admits that points are deducted from an employee's accumulated point total provided the employee does not accrue any points and has not otherwise been absent for any reason, with certain exceptions, over a certain period of time. CSX denies any and all remaining allegations contained in Paragraph 23.

24. CSX denies the allegations contained in Paragraph 24.

25. CSX admits that employees who take leave for approved vacation, personal leave, jury duty, work-related illness or injury with a valid doctor's note, or paid bereavement leave remain eligible to have points removed from their

record. CSX denies each and every remaining allegation contained in Paragraph 25.

26. CSX denies the allegations contained in Paragraph 26.

27. CSX denies the allegations contained in Paragraph 27.

28. CSX denies the allegations contained in Paragraph 28.

29. CSX denies the allegations contained in Paragraph 29.

30. CSX denies the allegations contained in Paragraph 30.

31. CSX admits that its collective bargaining agreements generally provide that employees charged with rule violations are entitled to a hearing before discipline is assessed, and avers that such hearings are conducted in accordance with the terms of the applicable collective bargaining agreement. CSX also admits that hearing officers are members of management, and that hearings on charges typically take less than one day. CSX denies each and every remaining allegation contained in Paragraph 31.

32. CSX denies the allegation contained in Paragraph 32.

**INGRODI**

33. The allegations in Paragraph 33 relate solely to Plaintiff Ingrodi's claims, which CSX has moved to dismiss, and thus no response to them is required.

34. The allegations in Paragraph 34 relate solely to Plaintiff Ingrodi's claims, which CSX has moved to dismiss, and thus no response to them is required.

35. The allegations in Paragraph 35 relate solely to Plaintiff Ingrodi's claims, which CSX has moved to dismiss, and thus no response to them is required.

36. The allegations in Paragraph 36 relate solely to Plaintiff Ingrodi's claims, which CSX has moved to dismiss, and thus no response to them is required.

37. The allegations in Paragraph 37 relate solely to Plaintiff Ingrodi's claims, which CSX has moved to dismiss, and thus no response to them is required.

38. The allegations in Paragraph 38 relate solely to Plaintiff Ingrodi's claims, which CSX has moved to dismiss, and thus no response to them is required.

## JACKSON

39. CSX lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, and therefore denies them.

40. CSX lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and therefore denies them.

41. CSX admits that Plaintiff Jackson requested intermittent FMLA leave. CSX lacks knowledge or information sufficient for form a belief as to the truth of the remaining allegation contained in Paragraph 41, and therefore denies it.

42. CSX admits the allegation contained in Paragraph 42.

43. CSX admits that it charged Jackson with using FMLA leave dishonestly and terminated him on that basis. CSX denies the remaining allegations contained in Paragraph 43.

44. CSX denies the allegations contained in Paragraph 44.

## CAUSES OF ACTION

## COUNT I
## VIOLATIONS OF THE FMLA-INTERFERENCE

45. Paragraph 45 states a conclusion of law as to which no response is required. To the extent that any response is required, CSX admits the allegation contained in Paragraph 45.

46. Paragraph 46 states a conclusion of law as to which no response is required. To the extent that any response is required, CSX admits the allegation contained in Paragraph 46.

47. CSX denies the allegations contained in Paragraph 47 related to Plaintiff Jackson. The remaining allegations in Paragraph 47 relate solely to

Plaintiff Ingrodi's claims, which CSX has moved to dismiss, and thus no response to them is required.

48. CSX denies the allegations contained in Paragraph 48 related to Plaintiff Jackson. The remaining allegations in Paragraph 48 relate solely to Plaintiff Ingrodi's claims, which CSX has moved to dismiss, and thus no response to them is required.

## COUNT II
## VIOLATIONS OF THE FMLA-DISCRIMINATION

49. Paragraph 49 states a conclusion of law as to which no response is required. To the extent that any response is required, CSX admits the allegation contained in Paragraph 49.

50. CSX denies the allegations contained in Paragraph 50 related to Plaintiff Jackson. The remaining allegations in Paragraph 50 relate solely to Plaintiff Ingrodi's claims, which CSX has moved to dismiss, and thus no response to them is required.

51. CSX denies the allegations contained in Paragraph 51 related to Plaintiff Jackson. The remaining allegations in Paragraph 51 relate solely to Plaintiff Ingrodi's claims, which CSX has moved to dismiss, and thus no response to them is required.

## PRAYER FOR RELIEF

52. CSX admits that Plaintiff Jackson seeks the relief described in Paragraph 52 but denies that Plaintiff is entitled to that or any other relief. The remaining allegations in Paragraph 52 relate solely to Plaintiff Ingrodi's claims, which CSX has moved to dismiss, and thus no response to them is required.

53. CSX admits that Plaintiff Jackson seeks the relief described in Paragraph 53 but denies that Plaintiff is entitled to that or any other relief. The remaining allegations in Paragraph 53 relate solely to Plaintiff Ingrodi's claims, which CSX has moved to dismiss, and thus no response to them is required.

## AFFIRMATIVE DEFENSES

In addition to the foregoing responses to the particular allegations in the Amended Complaint, and without conceding that it bears the burden of proof as to any issue, CSX asserts the following further defenses to Plaintiffs' Amended Complaint:

## FIRST DEFENSE

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

At all times, CSX acted in good faith and had reasonable grounds for believing that its actions towards Plaintiff Jackson did not violate the FMLA or any other law.

**THIRD DEFENSE**

Plaintiff Jackson's claims are precluded, in whole or in part, by the Railway Labor Act, 45 U.S.C. § 151 *et seq*.

**FOURTH DEFENSE**

Plaintiff Jackson's attendance policy claims are barred by the doctrine of laches.

**FIFTH DEFENSE**

Plaintiff Jackson's attendance policy claims are time-barred.

**SIXTH DEFENSE**

Plaintiff Jackson's claims for lost wages and benefits are barred, in whole or in part, to the extent that he failed to mitigate his alleged damages.

**SEVENTH DEFENSE**

CSX is entitled to set-off credit against Plaintiff Jackson's damages, if any, for any such amounts he received from any source whatsoever with respect to the issues covered by this suit.

***

CSX reserves the right to assert and does not waive any additional or further defenses as may be revealed during discovery or otherwise and reserves the right to amend this Answer to assert any such defenses.

May 23, 2025

*/s/ Thomas R. Chiavetta*
Thomas R. Chiavetta
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Telephone: (202) 879-3975
Facsimile: (202) 626-1700
tchiavetta@jonesday.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 23, 2025, a true and accurate copy of the foregoing was filed using the CM/ECF system which will send notification of such filing to Plaintiffs' counsel.

*/s/ Thomas R. Chiavetta*