# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| Nicholas Ingrodi and Brad Jackson,<br><br>Plaintiffs,<br><br>v.<br><br>CSX Transportation, Inc.,<br><br>Defendant. | Case No. 3:24-cv-00451-BJD-LLL<br><br>**PLAINTIFF NICHOLAS INGRODI'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

## **INTRODUCTION**

From 2018 to 2024, Plaintiff Nicholas Ingrodi was an unnamed class member in a putative class action alleging Defendant CSX Transportation, Inc. unlawfully disciplined or terminated its employees for taking FMLA leave. Before a ruling on class certification in that case, Ingrodi filed this case in early 2024.

The *American Pipe* doctrine tolls the claims of any member of a putative class while a class action is pending. The tolling continues until a class action is dismissed or class certification is denied. Under a straightforward application of *American Pipe*, Ingrodi's claims are timely. CSX nonetheless seeks dismissal by claiming *American Pipe* does not apply. The sole basis for its argument is that there was an

unfavorable interlocutory ruling on the merits of some of the claims asserted in the putative class action similar to the claims Ingrodi asserts here.

That is incorrect. The putative class action remained pending after that ruling, and Ingrodi remained a member of a putative class. Accordingly, *American Pipe* continued to apply. CSX fails to cite a single case to the contrary. The Court should deny CSX's motion in its entirety.

## BACKGROUND

On March 13, 2018, a group of plaintiffs (not including Ingrodi) filed a putative class action ("*Bell*") against CSX. *See* Compl. (ECF No. 1), *Bell v. CSX Transportation, Inc.*, 18-cv-744 (D. Md. Mar. 13, 2018). The putative classes included CSX employees who "had attendance points remain on their record solely because they took FMLA leave," and employees who "were disciplined or terminated for using FMLA leave." *Id.* ¶ 257. The Court granted summary judgment in an interlocutory order on certain claims concerning attendance points. *See* Order (ECF No. 50) at 13, *Bell v. CSX Transportation, Inc.*, 18-cv-744 (D. Md. May 16, 2019). But the *Bell* plaintiffs continued to press those claims and filed a second amended complaint on April 23, 2024, in which they continued to seek certification of the same classes that embraced Ingrodi's claims. *See* Second Am. Compl. (ECF No. 104) ¶ 738, *Bell v. CSX Transportation, Inc.*, 18-cv-744 (D. Md. Apr. 23, 2024). In November 2024, after the *Bell* court expressed doubt that it would certify the case

as a class action, the *Bell* plaintiffs abandoned class certification and their individual actions were severed. *See* Order (ECF No. 129) at 13, *Bell v. CSX Transportation, Inc.*, 18-cv-744 (D. Md. Nov. 26, 2024).

Ingrodi was a CSX employee who had negative attendance points applied to his employment record for taking FMLA leave, and was subsequently fired for having taken that FMLA leave. ECF No. 29 ¶¶ 33-38. He therefore fell squarely within the putative *Bell* classes while that case remained pending. *See* Compl. (ECF No. 1) ¶ 257, *Bell v. CSX Transportation, Inc.*, 18-cv-744 (D. Md. Mar. 13, 2018). Rather than await the outcome of *Bell*, Ingrodi chose to file this action on May 7, 2024, while *Bell* remained pending as a putative class action, asserting the FMLA claims against CSX embraced by the *Bell* action. *See* ECF No. 1.

## ARGUMENT

The *American Pipe* tolling doctrine holds that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974). Within the tolled statute of limitations, "class members may choose to file their own suits" and assert their tolled claims individually. *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353-54 (1983). Tolled claims under *American Pipe* include those based on the "'same evidence, memories, and witnesses as the subject matter of the original class

3

suit.'" *Id*. at 355 (Powel, J., concurring) (citation omitted). Accordingly, "[t]he claims do not need to be identical to the claims asserted by the class to benefit from tolling." *Houle v. Walmart Inc.*, 447 F. Supp. 3d 261, 281–82 (M.D. Pa. 2020).

The *Bell* putative class action asserted claims on behalf of CSX employees like Ingrodi who "had attendance points remain on their record solely because they took FMLA leave," as well as CSX employees who "were disciplined or terminated for using . . . FMLA leave." *See* Compl. (ECF No. 1) ¶ 257, *Bell v. CSX Transportation, Inc.*, No. 18-cv-744 (D. Md. Mar. 13, 2018). Because those classes embraced Ingrodi's claims, under a straightforward application of *American Pipe*, Ingrodi's claims were tolled from the filing of *Bell* in 2018 until he filed this suit.

CSX contends otherwise because the *Bell* court granted summary judgment on claims similar to Ingrodi's in an interlocutory order that disposed of less than the entire case. *See* ECF No. 32 at 6-8. But CSX fails to cite a single case squarely supporting its position. The problem with CSX's argument is that *Bell* remained pending as a putative class action, and the *Bell* plaintiffs continued seek certification of a class embracing Ingrodi's claims even after the summary judgment order. They ultimately filed an amended complaint seeking certification of the same classes set out in the initial complaint. *See* Second Am. Compl. (ECF No. 104) ¶ 738, *Bell v. CSX Transportation, Inc.*, 18-cv-744 (D. Md. Apr. 23, 2024).

4

"Traditionally, *American Pipe* tolling continues until the district court decides that the lawsuit should not proceed as a class action and denies class certification on the merits." *Potter v. Comm'r of Soc. Sec.*, 9 F.4th 369, 371 (6th Cir. 2021). It may also terminate "once *all* class claims have been dismissed," provided the dismissal occurs before class certification. *Collins v. Vill. of Palatine, Illinois*, 875 F.3d 839, 845 (7th Cir. 2017) (emphasis added). Or *American Pipe* tolling may cease for certain class members where the named plaintiffs amend their complaint to narrow the class and omit individuals who were originally embraced in the class. *See In re New Oriental Educ. & Tech. Grp. Sec. Litig.*, 293 F.R.D. 483, 487 (S.D.N.Y. 2013).

But while the class action remains pending, and while an unnamed class member still fits within the definition of a class sought to be certified, *American Pipe* tolling continues. Such was the case here. "[T]he commencement of a class action suspends the applicable statute of limitations as to *all asserted members of the class* who would have been parties had the suit been permitted to continue as a class action" during the pendency of a class action. *Am. Pipe*, 414 U.S. at 554 (emphasis added). Unless and until class certification was denied or all class claims were disposed of, Ingrodi remained an "asserted member[ ] of the class." *Id*. "The only logical rule under the present [version of Rule 23] is that the commencement of the class suit tolls the statute for *all persons* who might be bound by the judgment." 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and

Procedure § 1800, at 455 (2d ed. 1986) (emphasis added). The fact that the *Bell* plaintiffs continued to seek certification of classes that would embrace Ingrodi meant he still stood to be bound by a judgment in the case.

Indeed, even after the summary judgment order, the *Bell* plaintiffs filed a second amended complaint following an extended stay on April 23, 2024, in which they continued to seek class certification on behalf of the same classes as before, which embraced Igrodi. Second Am. Compl. (ECF No. 104) ¶ 738, *Bell v. CSX Transportation, Inc.*, 18-cv-744 (D. Md. Apr. 23, 2024). Ingrodi thus had a "reasonable expectation that the class representatives would continue to press [his] claims." *Potter*, 9 F.4th at 378. Requiring individual plaintiffs to file suit where less than all class claims have been dismissed and the named plaintiffs continue to seek to protect the rights of the class can only create uncertainty that would unnecessarily drive unnamed class members to file placeholder suits. That is the very result the *American Pipe* doctrine exists to prevent. *See State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1234 (10th Cir. 2008). Defendant does not cite a single case squarely adopting its position. This Court should not be the first.

## **CONCLUSION**

The Court should deny CSX's motion in its entirety.

Dated: June 13, 2025       PLAINTIFF'S COUNSEL

/s/ Nicholas D. Thompson
Nicholas D. Thompson (MN 389609)*
CASEY JONES LAW
323 N. Washington Ave., Suite 200
Minneapolis, MN 55401
Phone: (757) 477-0991
Email: nthompson@caseyjones.law

*Specially Admitted

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ Nicholas D. Thompson
Nicholas D. Thompson