IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| NICHOLAS INGRODI, and ) <br> BRAD JACKSON, ) <br> ) <br> Plaintiffs, ) <br> ) Civil Action No. 3:24-cv-00451 <br> ) <br> v. ) <br> ) <br> CSX TRANSPORTATION, INC., ) <br> ) <br> ) <br> Defendant. ) | |

**DEFENDANT CSX TRANSPORTATION, INC.'S
REPLY IN SUPPORT OF MOTION TO DISMISS**

Plaintiff Michael Ingrodi's opposition cannot salvage his untimely FMLA claims. CSX terminated him in 2018. Even assuming the FMLA's longest limitations period—three years—he had until 2021 to file suit. He waited until May 2024. His only argument is that the statute of limitations was tolled based on the class action in *Bell v. CSX Transportation, Inc.*, which challenged the same attendance policy. That argument plainly fails.

Under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), tolling applies only while a live class action is actively pursuing the same claim on behalf of absent members. Once the class claim ends—by summary judgment, dismissal, or denial of certification—tolling stops and the statute resumes running. That is exactly what happened here. In May 2019, the *Bell* court granted summary judgment on the FMLA attendance policy claims—the same theory Ingrodi now asserts. From that point forward, his limitations clock restarted. He then had, at most, three years to bring an individual claim. He didn't.

His only other longshot argument is that a 2024 amended complaint in *Bell* somehow restarted the limitations clock. But reasserting already-rejected class claims years later doesn't restart the statute of limitations. Courts have consistently refused attempts to revive expired claims through procedural repetition. *See, e.g.*, *China Agritech, Inc. v. Resh*, 584 U.S. 732, 740–42 (2018). As the First Circuit recently confirmed, "even if the underlying case remains alive in some form," *American*

1

*Pipe* tolling ends once the class claims are dismissed. *MSP Recovery Claims, Series LLC v. Fresenius Med. Care Holdings, Inc.*, 131 F.4th 51, 56 (1st Cir. 2025). That rule squarely applies here. Ingrodi's claim expired years ago and cannot be revived.

## ARGUMENT

### I.   *AMERICAN PIPE* TOLLING ENDED WHEN THE ATTENDANCE POLICY CLAIMS IN *BELL* WERE DISMISSED IN 2019

Ingrodi's primary argument is that because the class action in *Bell v. CSX Transportation, Inc.* challenged the same attendance policy issue, "under a straightforward application of *American Pipe*, [his] claims were tolled from the filing of *Bell* in 2018 until he filed this suit." Opp. 4. That argument misunderstands the law.

Tolling under *American Pipe* ends when the class claim relevant to the absent party is resolved, *see, e.g.*, *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1378 (11th Cir. 1998); *Yang v. Odom*, 392 F.3d 97, 101–02 (3d Cir. 2004), whether by dismissal, denial of certification, or summary judgment. As the Seventh Circuit cautioned, "continuing to toll the limitations period beyond the dismissal of a noncertified class claim would encroach more severely on the interests underlying statutes of limitations," whose purpose is to protect defendants against stale claims. *Collins v. Vill. of Palatine*, 875 F.3d 839, 842 (7th Cir. 2017). In short, once it becomes clear a class claim won't proceed, absent class members must act. *See, e.g., Realmonte v. Reeves*, 169 F.3d 1280, 1284 (10th Cir. 1999) (tolling ends when class

2

member opts out); *Glidden v. Chromalloy Am. Corp.*, 808 F.2d 621, 627 (7th Cir. 1986) (tolling ends when class component is voluntarily dismissed); *Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 266 (7th Cir. 1998) (tolling ends when uncertified class action is dismissed for lack of jurisdiction).

That is exactly what happened here. On May 16, 2019, the *Bell* court granted summary judgment on the FMLA "attendance points" class claims—the very theory Ingrodi now revives. *See* Order at 13, ECF No. 50, *Bell v. CSX Transp., Inc.*, No. 1:18-cv-00744 (D. Md. May 16, 2019). Those claims, like Ingrodi's, alleged that CSX's CAPS policy punished employees for taking FMLA leave by denying them good-attendance credits. *See* Compl. ¶ 257, ECF No. 1, *Bell*. Once that theory was adjudicated, tolling ceased. *See Armstrong*, 138 F.3d at 1378. At that point, Ingrodi had to protect his own rights. Yet he didn't.

Ingrodi argues (at 4) that tolling somehow continued because *Bell* hadn't resolved class certification *for other claims*. That is obviously wrong—legally and as a matter of common sense. Tolling under *American Pipe* applies only while a viable class claim is actively being pursued on behalf of absent class members. Once the court granted summary judgment on the FMLA attendance policy claims, the class claims relevant to Ingrodi were over. The fact that *Bell* continued on unrelated legal theories is irrelevant—those claims had nothing to do with Ingrodi's. Courts are clear: tolling ends when the specific class claim is dismissed,

3

denied certification, or adjudicated. *See Armstrong*, 138 F.3d at 1378; *Yang*, 392 F.3d at 101–02; *Collins*, 875 F.3d at 842; *MSP Recovery Claims*, 131 F.4th at 56.

As a matter of practical reality, there were no class claims left after 2019 that challenged the attendance policy. Pretending otherwise defeats the very point of *American Pipe*—which is to avoid unnecessary individual suits only while a claim is actively being pursued—not to preserve dismissed claims indefinitely. The doctrine exists to promote "efficiency and economy of litigation," not to create perpetual tolling. 414 U.S. at 553. It is not a mechanism for plaintiffs to wait years in hopes that a theory long since resolved might someday be revived. That is not tolling. That is indefinite uncertainty—the very result statutes of limitations are meant to prevent.

## II. THE 2024 REVIVAL OF THE CLASS CLAIMS DID NOT RESTART THE CLOCK.

Ingrodi next contends that the 2024 Second Amended Complaint in *Bell*—which sought to revive previously dismissed FMLA class claims—somehow preserved his individual FMLA claim. Opp. 6. That theory fails on timing alone. Even if the amended pleading were procedurally permissible (and it wasn't), Ingrodi's claim was already time-barred by 2024. The *Bell* court granted summary judgment on the FMLA class claims in 2019, and even assuming *American Pipe* tolling paused the statute until that point, it unquestionably resumed once the class claims were adjudicated. *See supra* Section I.

4

At most, then, Ingrodi had whatever remained of the FMLA limitations period—two years under 29 U.S.C. § 2617(c)(1), or three years for a willful violation under § 2617(c)(2)—to file suit. He did not act within that window. The April 2024 amendment came nearly five years after summary judgment, well beyond any plausible limitations period. Thus, even on Ingrodi's own terms, the claim is facially untimely.

But the claim also fails for the more fundamental legal reason that the 2024 amendment could not restart the tolling clock in the first place. It is well-settled that tolling under *American Pipe* is not a tool for perpetual do-overs. The Supreme Court has flatly rejected the notion that plaintiffs can relitigate previously-dismissed class claims and expect tolling to kick in again. In *China Agritech, Inc. v. Resh*, the Court held that once the statute of limitations has run, it cannot be revived by "follow-on class actions" or reassertion of old class allegations. 584 U.S. 732, 735–744 (2018). Tolling suspends the limitations period while a viable class action is pending—but once that class aspect is denied, dismissed, or otherwise resolved, tolling ends. *Id.* at 1806–07; *see also Collins*, 875 F.3d at 842 ("tolling stops immediately when a class-action suit is dismissed—with or without prejudice—before the class is certified."); *Bridges v. Dep't of Md. State Police*, 441 F.3d 197, 210–11 (4th Cir. 2006). Simply put, a plaintiff cannot reassert the same class claims that were previously resolved on the merits and expect the statute to pause again.

5

That is precisely what happened here. The *Bell* plaintiffs' FMLA class claims were terminated on summary judgment in 2019. Tolling ended at that point. The 2024 Second Amended Complaint merely attempted to repackage the same claims already resolved on the merits. That filing did not—and could not—restart the clock for absent class members like Ingrodi. As explained above, "[e]ven if the underlying case remains alive in some form," once class claims are dismissed, "American Pipe tolling ends." *MSP Recovery Claims*, 131 F.4th at 56. That logic controls here. The 2024 revival effort came far too late to resurrect Ingrodi's expired claim.

### III.   *AMERICAN PIPE* TOLLING HAS LIMITS—FOR GOOD REASON

Tolling under *American Pipe* is a limited, efficiency-driven exception—not a loophole for indefinite delay. The Supreme Court created it to prevent a flood of protective individual filings while a putative class action is pending, allowing absent members to rely on the class mechanism—temporarily. *See American Pipe*, 414 U.S. at 551. But the moment the class claims are dismissed or fail on the merits, tolling serves no purpose. There's no longer any class proceeding to rely on, and the plaintiff must act individually. Tolling is not a safety net for plaintiffs who sit on their rights hoping a class claim might someday be revived. *American Pipe* tolling ends once the relevant class claim is dismissed, even if other parts of the

case remain ongoing. *MSP Recovery Claims*, 131 F.4th at 56. The law expects diligence—not indefinite waiting.

There are sound reasons for this. Statutes of limitations are meant to bring closure, protect defendants from stale claims, and ensure disputes are litigated when evidence is still fresh. *See Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428 (1965). If plaintiffs could repeatedly reassert failed class claims and restart tolling years after the fact, those core purposes would be defeated. Defendants would never have finality. Courts would face endless cycles of revived pleadings. And absent class members would have no incentive to act promptly once the class claims fail. That's why courts draw a firm line: tolling pauses the clock—but only while a live class claim exists. *See, e.g.*, *Collins*, 875 F.3d at 842. Restarting the statute years later would erase that limit and make the statute of limitations meaningless. The rule isn't just legally sound—it is necessary to ensure fairness, finality, and the proper functioning of the system.

|  |  |
|---|---|
| August 1, 2025 | */s/ Thomas R. Chiavetta*<br>Thomas R. Chiavetta<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, DC  20001<br>Telephone:  (202) 879-3975<br>Facsimile:  (202) 626-1700<br>tchiavetta@jonesday.com<br><br>*Counsel for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that, on August 1, 2025, a true and accurate copy of the foregoing was filed using the CM/ECF system which will send notification of such filing to Plaintiffs' counsel.

/s/ Thomas R. Chiavetta