UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NICHOLAS INGRODI, and BRAD
JACKSON,

      Plaintiffs,

v.                                  Case No. 3:24-cv-451-BJD-LLL

CSX TRANSPORTATION, INC.,

      Defendant.

_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss (Doc. 32); Plaintiffs' Response in Opposition (Doc. 35); and Defendant's Reply (Doc. 38).

The basis of the lawsuit is Defendant's alleged violations of the Family Medical Leave Act, 29 U.S.C. § 2601 et seq., ("FMLA"). "The FMLA grants eligible employees a series of entitlements, among them the right to a total of 12 workweeks of leave during any 12–month period for a number of reasons, including a serious health condition that makes the employee unable to perform the functions of the position of such employee." Jones v. Gulf Coast Health Care of Delaware, LLC, 854 F.3d 1261, 1267 (11th Cir. 2017) (internal quotations omitted). To safeguard these rights, "the FMLA creates two types of claims: interference claims, in which an employee asserts that

his employer denied or otherwise interfered with his substantive rights under the Act[;] and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act . . . ." Strickland v. Water Works & Sewer Bd. of City of Birmingham, 239 F.3d 1199, 1206 (11th Cir. 2001) (internal quotations and citations omitted). Two plaintiffs remain in this case. Defendant's Motion addresses only Plaintiff Nicholas Ingrodi ("Plaintiff").

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Indeed, an action fails to state a claim for which relief may be granted, and may be subject to dismissal, if it fails to include such a short and plain statement. See Harper v. Lawrence County, Ala., 592 F.3d 1227, 1232–33 (11th Cir. 2010) (citing Fed. R. Civ. P. 8(a)(2), 12(b)(6)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint for "failure to state a claim upon which relief can be

granted." When reviewing a motion to dismiss, the Court must take the complaint's allegations as true and construe them in the light most favorable to the plaintiff. Rivell v. Private Health Care Sys., Inc., 520 F.3d 1308, 1309 (11th Cir. 2008). The Court is required to accept well-pleaded facts as true at this stage, but it is not required to accept a plaintiff's legal conclusions. Chandler v. Sec'y of Fla. Dep't of Transp., 695 F.3d 1194, 1199 (11th Cir. 2012). It is insufficient for a plaintiff's complaint to put forth merely labels, conclusions, and a formulaic recitation of the elements of the cause of action. Twombly, 550 U.S. at 555.

The viability of Plaintiff's claims as to their substance is unchallenged. Defendant's attack is aimed at whether Plaintiff's claims are barred by the applicable statute of limitations. FMLA claims are subject to a two-year limitation unless the violation was willful, which provides for a three-year window beginning with the last event constituting the FMLA violation. 29 U.S.C. § 2617(c).

The last action constituting a potential FMLA violation regarding Plaintiff was sometime in 2018. (Doc. 29 ¶ 38; Am. Compl.). Plaintiff initiated this case on May 7, 2024, or more than seven years after the last event constituting a FMLA violation. (Doc. 1). However, Plaintiff claims the statute of limitations was tolled during the pendency of Bell v. CSX Trans., Inc., Case No. 3:18-cv-744 (D. Md.) (the "Maryland Case").

In American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974), the United States Supreme Court announced that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." By May 2019, the Maryland Case disposed of the class action element relevant to Plaintiff's claim by granting in part Defendant's motion for summary judgment. However, that case specifically did so on the merits of the putative class's claims, not the viability of the class itself.

Defendant argues that this meant the statute of limitations, at latest, had run by May 2022 or nearly two years prior to this suit's filing. See Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1378 (11th Cir. 1998) ("[T]he tolling of the statute of limitations ceases when the district court enters an interlocutory order denying class certification."). The Court finds a material distinction between this case and Armstrong. Armstrong holds that it is the resolution of the class itself that ends tolling. Here, the Maryland Court resolved issues on the merits and specifically left open the issues surrounding class certification. Maryland Case, Doc. 51 (denying Defendant's Motion to Strike Class Allegations and leaving open the issue of class certification). The interest's advanced by class tolling, i.e., preventing multiple parallel suits is still advanced because the issue of certification was

not resolved where the Maryland Court's Order dealt with summary judgment instead of class certification.

Accordingly, after due consideration, it is

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. 32) is **DENIED**.

2. Defendant shall ensure it files a single consolidated answer to Plaintiff's Amended Complaint on or before December 17, 2025.

3. Defendant's Unopposed Motion to Extend Deadlines (Doc. 39) is **GRANTED.** The discovery and dispositive motions deadlines are extended to December 14, 2025 and January 11, 2026, respectively.

**DONE** and **ORDERED** in Jacksonville, Florida this __*1st*__ day of December, 2025.

_____
BRIAN J. DAVIS
United States District Judge

2
Copies furnished to:

Counsel of Record