IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| NICHOLAS INGRODI, and BRAD JACKSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 3:24-cv-00451 ) ) ) |
| CSX TRANSPORTATION, INC., | ) ) ) |
| Defendant. | ) |

**DEFENDANT CSX TRANSPORTATION, INC.'S
MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

## TABLE OF CONTENTS

                                                                                                        **Page**

INTRODUCTION ............................................................................................................. 1

BACKGROUND .............................................................................................................. 2

ARGUMENT ................................................................................................................... 4

I.      THIS COURT SHOULD CERTIFY ITS ORDER FOR
        INTERLOCUTORY APPEAL ........................................................................... 4

        A.     The Statute of Limitations/Tolling Issue Is a Controlling
              Question of Law ............................................................................... 4

        B.     There Is Substantial Ground for Difference of Opinion on the
              Tolling Question ............................................................................... 7

        C.     Immediate Appeal Will Materially Advance the Ultimate
              Termination of This Litigation ...................................................... 11

CONCLUSION ............................................................................................................. 13

## TABLE OF AUTHORITIES

**Page**

**CASES**

*American Pipe & Construction Co. v. Utah*,
    414 U.S. 538 (1974) ................................................................................................. passim

*Armstrong v. Martin Marietta Corp.*,
    138 F.3d 1374 (11th Cir. 1998) (en banc) ........................................................... 8, 9, 10

*Collins v. Vill. of Palatine*,
    875 F.3d 839 (7th Cir. 2017) ............................................................................................ 9

*Crown, Cork & Seal Co. v. Parker*,
    462 U.S. 345 (1983) ........................................................................................................... 8

*Glidden v. Chromalloy Am. Corp.*,
    808 F.2d 621 (7th Cir. 1986) ............................................................................................ 9

*Grand Lodge of Pa. v. Peters*,
    2008 WL 2790237 (M.D. Fla. July 18, 2008) ................................................................. 5

*Hemenway v. Peabody Coal Co.*,
    159 F.3d 255 (7th Cir. 1998) ............................................................................................ 9

*In re City of Memphis*,
    293 F.3d 345 (6th Cir. 2002) ............................................................................................ 4

*Johnson v. Burken*,
    930 F.2d 1202 (7th Cir. 1991) .......................................................................................... 6

*McFarlin v. Conseco Servs.*,
    LLC, 381 F.3d 1251 (11th Cir. 2004) .................................................................... 5, 6, 11

*MSP Recovery Claims, Series LLC v. Fresenius Med. Care Holdings, Inc.*,
    131 F.4th 51 (1st Cir. 2025) ............................................................................................. 9

*Realmonte v. Reeves*,
    169 F.3d 1280 (10th Cir. 1999) ........................................................................................ 9

*Reese v. BP Expl. (Alaska) Inc.*,
    643 F.3d 681 (9th Cir. 2011) ............................................................................................ 7

*Ret. Sys. v. S. Co.*,
  333 F. Supp. 3d 1315 (N.D. Ga. 2018) ................................................................... 11

*S.R. v. United States*
  555 F. Supp. 2d 1350 (S.D. Fla. 2008) ................................................................... 12

*United States v. Zak*,
  580 F. Supp. 3d 1351 (N.D. Ga. 2021) ..................................................................... 7

*Yang v. Odom*,
  392 F.3d 97 (3d Cir. 2004) ........................................................................................ 9

**STATUTES**

28 U.S.C. § 1292(b) ................................................................................................. passim

29 U.S.C. § 2617(c) ......................................................................................................... 2

Family and Medical Leave Act ..................................................................................... 2, 4

**OTHER AUTHORITIES**

4 Am. Jur. 2d Appellate Review § 124 ............................................................................ 7

16 Charles Alan Wright & Arthur R. Miller, Federal Practice and
  Procedure § 3930 (3d ed. 2023) .............................................................................. 10

## INTRODUCTION

Defendant CSX Transportation, Inc. ("CSX") respectfully moves for certification of an interlocutory appeal under 28 U.S.C. § 1292(b). CSX seeks certification of the Court's order denying its motion to dismiss, Order (ECF 42) at 5, which turned on a single, threshold legal question: whether *American Pipe* tolling continues for absent class members after their claims asserted on a putative class basis have been dismissed on the merits, solely because class certification for other claims have not yet been resolved.

That legal determination satisfies all three § 1292(b) criteria. It presents a controlling question of law because it is a purely legal issue—turning on the scope of *American Pipe* tolling rather than any disputed facts—and because it governs whether Plaintiff's claims survive the statute of limitations or must be dismissed at the pleading stage; there is substantial ground for difference of opinion because the issue is novel and unsettled, with persuasive authority and doctrinal considerations supporting both parties' views; and immediate appellate review would materially advance the ultimate termination of this litigation by either ending the case outright if CSX prevails or definitively resolving the statute-of-limitations issue at the outset, eliminating the risk that years of litigation will later be undone.

## BACKGROUND

Plaintiff Nicholas Ingrodi filed this lawsuit in May 2024, asserting interference and retaliation claims under the Family and Medical Leave Act ("FMLA"). Compl. (ECF 1). The FMLA generally requires claims to be filed within two years, or within three years if the violation was willful. 29 U.S.C. § 2617(c). CSX terminated Plaintiff in 2018. Am. Compl. (ECF 29) ¶ 38. Even assuming the FMLA's longest limitations period—three years—he had until 2021 to file suit. He waited until May 2024. Compl. (ECF 1). CSX therefore moved to dismiss the complaint as untimely. Mot. to Dismiss (ECF 32).

In its motion, CSX argued that Plaintiff's claims were untimely on their face and that no tolling doctrine could save them. Mot. to Dismiss (ECF 32) at 1–2. CSX acknowledged that *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), permits tolling for absent class members in certain circumstances, but argued that its rationale does not apply once the claims asserted on a putative class basis have been resolved on the merits. Mot. to Dismiss (ECF 32) at 5–6. CSX contended that tolling therefore ended in May 2019, when the court in the earlier class action entered summary judgment against the relevant class claims. Mot. to Dismiss (ECF 32) at 6–8. At that point, CSX argued, there was no longer a viable class action on which absent class members could reasonably rely, even though class certification had not yet been formally addressed. Mot. to Dismiss (ECF 32) at 7–8. From that

point forward, CSX asserted, the statute of limitations resumed running, and Plaintiff's claims expired years before this action was filed. Mot. to Dismiss (ECF 32) at 8.

Plaintiff opposed dismissal by arguing that the statute of limitations remained tolled for as long as the earlier action continued as a putative class action, so long as some class claims remained pending—even if others had been dismissed on the merits. Opp. to Mot. to Dismiss (ECF 35) at 3–6. Plaintiff asserted that, under *American Pipe*, tolling continues until class certification is denied or the class action otherwise ends, and that absent class members are entitled to rely on the pendency of the class case unless and until the court formally rejects class treatment. Opp. to Mot. to Dismiss (ECF 35) at 4–5. On that basis, Plaintiff contended that the limitations period had not expired when he filed suit in 2024. Opp. to Mot. to Dismiss (ECF 35) at 6.

In its December 1, 2025 Order, the Court agreed with Plaintiff's tolling argument and denied CSX's motion to dismiss. Order (ECF 42). The Court concluded that tolling did not end because the earlier court resolved the specific claims on the merits, but instead continued because the issue of class certification as a general matter remained unresolved. Order (ECF 42) at 4–5. As a result, the Court allowed Plaintiff's otherwise untimely claims to proceed.

CSX now seeks certification of that order for interlocutory review under 28 U.S.C. § 1292(b).

## ARGUMENT

### I. THIS COURT SHOULD CERTIFY ITS ORDER FOR INTERLOCUTORY APPEAL

Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if it (1) involves a controlling question of law, (2) there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. This case meets all three requirements. Indeed, this is the prototypical scenario for § 1292(b) review: a pure legal question—the application of the FMLA statute of limitations and class-action tolling doctrine to undisputed facts—whose resolution could dispose of the case at the outset. The tolling issue decided by the Court is novel and unsettled, and immediate appellate review may avoid the need for further proceedings altogether. CSX therefore satisfies all three requirements for certification under § 1292(b).

#### A. The Statute of Limitations/Tolling Issue Is a Controlling Question of Law

A question of law is "controlling" under § 1292(b) if its resolution will appreciably affect the outcome or course of the litigation. *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002) ("A legal issue is controlling if it could materially affect

4

the outcome of the case."). The Eleventh Circuit has explained that interlocutory review is appropriate where "the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). By contrast, a question that turns on case-specific factual determinations or the exercise of the trial court's discretion is not suitable for interlocutory appeal. *Id.* at 1258.

To qualify, the legal question must be framed "at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." *Id.* at 1259. In other words, the issue must be purely legal—such as the application of a legal doctrine—so that an appellate court can resolve it "quickly and cleanly" without immersing itself in the trial record. *Id.* at 1258. If resolution of the issue on appeal could terminate the case or materially affect its future course, the question is controlling for purposes of § 1292(b); if the litigation would proceed in substantially the same manner regardless of the outcome, it is not. *See id.* at 1258–59; *Grand Lodge of Pa. v. Peters*, 2008 WL 2790237, at *1 (M.D. Fla. July 18, 2008).

This standard is easily met here. The controlling legal question is whether *American Pipe* tolling continues for an individual claim after that claim has been dismissed on the merits in a putative class action when no class certification

5

decision has yet been made and other claims in the action continue. That question turns on the scope and limits of federal class action tolling doctrine, not on any disputed facts. The sequence of events and relevant dates are undisputed, and the tolling issue can be resolved on the pleadings and judicially noticeable facts from the prior class action.

Moreover, the issue is controlling because its resolution is outcome-determinative. If the Eleventh Circuit agrees with CSX that Plaintiff's claims were untimely and that tolling does not apply as a matter of law, the claims must be dismissed in their entirety, effectively ending the litigation. Even if the appellate court affirms the denial of the motion to dismiss, its decision would definitively resolve the legal question for this case and others, allowing the parties to proceed with clarity on the governing law. In either event, the tolling issue "will determine the outcome or at least the future course of the litigation." *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991).

Ultimately, the issue sought to be certified concerns exactly the kind of "abstract legal issue" the Eleventh Circuit has identified as "what the framers of § 1292(b) had in mind"—a pure question of law whose resolution does not depend on case-specific factual disputes and whose answer will determine whether this action can proceed at all. *McFarlin*, 381 F.3d at 1258. Because the tolling question governs the timeliness of Plaintiff's claims and, if resolved in Defendant's favor,

6

would require dismissal of the entire case, it squarely qualifies as a controlling question of law appropriate for interlocutory review.

### B. There Is Substantial Ground for Difference of Opinion on The Tolling Question

A "substantial ground for difference of opinion" exists when a legal issue is genuinely debatable, such as when it is novel, unsettled, or subject to competing judicial interpretations. *See* 4 Am. Jur. 2d Appellate Review § 124 (citing cases); *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) ("A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed. Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent."); *United States v. Zak*, 580 F. Supp. 3d 1351, 1356 (N.D. Ga. 2021) (substantial ground for difference of opinion exists "where the issue is difficult and of first impression, a difference of opinion as to the issue exists within the controlling circuit, or the circuits are split on the issue").

This standard is satisfied here. The tolling question presented—whether *American Pipe* tolling continues when putative class claims are resolved on the merits without any class certification decision, and an absent class member later files an individual action outside the ordinary limitations period—is neither

7

routine nor settled. It raises a novel and consequential question about when, and under what circumstances, class action tolling ends.

Neither the Supreme Court nor the Eleventh Circuit has squarely resolved this issue. Supreme Court precedent establishes the general tolling principle, but leaves a critical gap. *American Pipe*, 414 U.S. 538, and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983), hold that tolling continues until class certification is denied, yet neither decision addresses whether tolling survives a merits judgment that disposes of putative class claims without any certification ruling, even if the broader action continues. That unresolved question places this case outside the settled boundaries of Supreme Court authority.

Eleventh Circuit precedent likewise does not resolve the issue. In *Armstrong v. Martin Marietta Corp.*, the en banc court adopted a bright-line rule that tolling ceases upon an express denial of class certification, rejecting extensions of tolling through appeals or final judgment because such extensions would undermine statutes of limitations and encourage delay. 138 F.3d 1374, 1378–81 (11th Cir. 1998) (en banc). But *Armstrong* addressed only what happens after a certification denial—it did not consider whether a merits dismissal of class claims, without any certification ruling at all, has the same tolling consequences.

Still, *Armstrong*, together with decisions from other courts of appeals, provides support for the principle that *American Pipe* tolling ends once the class

claim relevant to an absent party has been resolved—whether by dismissal, denial of class certification, or summary judgment. *See, e.g., id.* at 1378; *Yang v. Odom*, 392 F.3d 97, 101–02 (3d Cir. 2004). As the Seventh Circuit has cautioned, "continuing to toll the limitations period beyond the dismissal of a noncertified class claim would encroach more severely on the interests underlying statutes of limitations," which exist to protect defendants from stale claims. *Collins v. Vill. of Palatine*, 875 F.3d 839, 842 (7th Cir. 2017).

And consistent with that principle, courts have held that once it becomes clear a class claim will not proceed, absent class members must act to preserve their rights—even if other aspects of the case remain pending. *See, e.g., Realmonte v. Reeves*, 169 F.3d 1280, 1284 (10th Cir. 1999) (tolling ends when class member opts out); *Glidden v. Chromalloy Am. Corp.*, 808 F.2d 621, 627 (7th Cir. 1986) (tolling ends when class component is voluntarily dismissed); *Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 266 (7th Cir. 1998) (tolling ends when uncertified class action is dismissed for lack of jurisdiction). Indeed, as the First Circuit recently summarized, "even if the underlying case remains alive in some form," *American Pipe* tolling ends once the class claims are dismissed. *MSP Recovery Claims, Series LLC v. Fresenius Med. Care Holdings, Inc.*, 131 F.4th 51, 56 (1st Cir. 2025).

Against this backdrop, this Court adopted a different approach. Relying on *Armstrong*'s assertion that tolling ends upon "the resolution of the class itself," the

9

Court reasoned that *American Pipe* tolling continues so long as the question of class certification remains unresolved, even if particular class claims have already been dismissed on the merits. Order (ECF 42) at 4 (citing *Armstrong*, 138 F.3d at 1378). Under that view, interim merits rulings do not terminate tolling because absent class members may continue to rely on the pendency of the class action until the court affirmatively determines that the case will not proceed on a class basis. That reasonable courts can read *Armstrong* this way—while others adopt a claim-focused cutoff—confirms that the proper endpoint of class-action tolling remains unsettled and reasonably debatable.

That uncertainty matters. As one leading treatise explains, when prolonged litigation hinges on a threshold question of limitations or tolling, interlocutory review may be appropriate even at a relatively modest level of uncertainty. *See* 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3930 (3d ed. 2023) ("The level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case"; so "[i]f proceedings that threaten to endure for several years depend on an initial question of jurisdiction, limitations, or the like, certification may be justified at a relatively low threshold."). This case fits that description. The tolling issue is a threshold statute-of-limitations question that determines whether Plaintiff's claims may proceed at all, and absent interlocutory

10

review, the parties and the Court risk expending substantial resources litigating claims that may ultimately be time-barred as a matter of law.

In short, because reasonable jurists could reach different conclusions about when *American Pipe* tolling ends in these circumstances, there is a substantial ground for difference of opinion, and certification under 28 U.S.C. § 1292(b) is warranted.

### C. Immediate Appeal Will Materially Advance the Ultimate Termination of This Litigation

The third § 1292(b) requirement—whether an immediate appeal may materially advance the ultimate termination of the litigation—focuses on whether certification would "serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259. Courts evaluating this factor consider "the extent to which additional time and expense may be saved by the appeal and whether resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *Monroe Cnty. Emps.' Ret. Sys. v. S. Co.*, 333 F. Supp. 3d 1315, 1324 (N.D. Ga. 2018).

This standard too is satisfied here. The statute-of-limitations issue is threshold and dispositive. If the Eleventh Circuit agrees with CSX that Plaintiff's claims are time-barred, the case will be dismissed in its entirety, sparing the parties and the Court the burden of discovery, summary judgment proceedings, and trial. *See, e.g., S.R. v. United States* 555 F. Supp. 2d 1350, 1355 (S.D. Fla. 2008) (certifying

11

an interlocutory appeal because a ruling that the claims were time-barred would eliminate the need for any further litigation).

And even in the event the Eleventh Circuit were to affirm the Court's tolling decision, an interlocutory appeal would still materially advance the case by conclusively resolving the controlling legal question. An appellate affirmance would solidify the timeliness of Plaintiff's claims, which could facilitate more focused settlement discussions or at least narrow the issues going forward (with the parties knowing that the time-bar defense is definitively off the table). The case would then proceed to discovery and trial with the benefit of clear guidance on the legal framework. Conversely, without an interlocutory appeal, the parties may proceed through lengthy litigation only to face a potential reversal on the limitations issue after final judgment, nullifying the effort and requiring duplicative proceedings. Section 1292(b) was intended to prevent exactly that waste of resources.

In sum, immediate appellate review offers a clear efficiency benefit. A ruling in CSX's favor would end the litigation outright, while an affirmance would definitively resolve the statute-of-limitations question at the outset and allow the case to proceed without the risk that years of litigation will later be undone. Either way, resolving this threshold legal issue now serves the core purpose of § 1292(b) by promoting judicial economy and avoiding potentially unnecessary

proceedings, thereby materially advancing the ultimate termination of the litigation.

## CONCLUSION

For the foregoing reasons, CSX respectfully requests that the Court amend its December 1, 2025 Order (ECF 42) to certify it for interlocutory appeal under 28 U.S.C. § 1292(b).

December 22, 2025  */s/ Thomas R. Chiavetta*
Thomas R. Chiavetta
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Telephone: (202) 879-3975
Facsimile: (202) 626-1700
tchiavetta@jonesday.com

*Counsel for Defendant*

## LOCAL RULE 3.01(G) CERTIFICATE

Pursuant to Local Rule 3.01(g), I hereby certify that I conferred with opposing counsel via email, and Plaintiff opposes this motion.

## CERTIFICATE OF SERVICE

I hereby certify that, on December 22, 2025, a true and accurate copy of the foregoing was filed using the CM/ECF system which will send notification of such filing to Plaintiffs' counsel.

/s/ Thomas R. Chiavetta