**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

NICHOLAS INGRODI, and BRAD JACKSON,

Plaintiffs,

v. Case No. 3:24-cv-451-BJD-LLL

CSX TRANSPORTATION, INC.,

Defendant.
_________________________________/

**O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion for Certification of Interlocutory Appeal (Doc. 49); Plaintiff Nicholas Ingrodi's Response (Doc. 52); and Defendant's Reply (Doc. 57). Defendant asks the Court to certify the Court's denial of its Motion to Dismiss for interlocutory appeal.

For Defendant to proceed with an appeal of this non-dispositive issue prior to the entry of final judgment, the undersigned "must certify in writing that one of its orders 'involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" See McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1253 (11th Cir. 2004) (quoting 28 U.S.C. § 1292(b)); see also Robinson v. Tanner, 798

F.2d 1378, 1380 (11th Cir. 1986) (holding that an order compelling a party to submit to deposition is generally "not an appealable final order"). The grant of an interlocutory appeal under section 1292(b) is reserved for "exceptional" cases. Caterpillar Inc. v. Lewis, 519 U.S. 61, 74 (1996).

The basis of the lawsuit is Defendant's alleged violations of the Family Medical Leave Act, 29 U.S.C. § 2601 et seq., ("FMLA"). In its Motion to Dismiss, the viability of Plaintiff's claims as to their substance was unchallenged. Instead, Defendant argued that Plaintiff's claims are barred by the applicable statute of limitations. This Court denied Defendant's Motion on the ground that American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974) tolled Plaintiff's claims during the pendency of a related action in Bell v. CSX Trans., Inc., Case No. 3:18-cv-744 (D. Md.) (the "Maryland Case").

The Maryland Court resolved issues on the merits and specifically left open the issues surrounding class certification. Maryland Case, Doc. 51 (denying Defendant's Motion to Strike Class Allegations and leaving open the issue of class certification). This Court held the interest's advanced by class tolling, i.e., preventing multiple parallel suits was still advanced because the issue of certification was not resolved where the Maryland Court's Order dealt with summary judgment instead of class certification. The question of whether tolling applied was a factual one and turned on the Maryland Court's explicit reservation on the issue of class certification. As such, there is

no contested legal issue warranting interlocutory review. See McFarlin, 381 F.3d at 1259. ("To summarize, § 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.").

Accordingly, after due consideration, it is

**ORDERED:**

Defendant's Motion for Certification of Interlocutory Appeal (Doc. 49) is **DENIED**.

**DONE** and **ORDERED** in Jacksonville, Florida this ***12th*** day of March, 2026.

BRIAN J. DAVIS
United States District Judge

2
Copies furnished to:

Counsel of Record