**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| NICHOLAS INGRODI, and BRAD JACKSON,<br><br>Plaintiffs,<br><br>v.<br><br>CSX TRANSPORTATION, INC.,<br><br>Defendant. | Civil Action No. 3:24-CV-00451 |

# CSX TRANSPORTATION, INC.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF BETH DE LIMA

## TABLE OF CONTENTS

**Page**


I. THE COURT SHOULD EXCLUDE DE LIMA'S OPINIONS AND TESTIMONY .......... 1

A. Jackson Fails To Satisfy His Burden Of Showing That De Lima's Testimony Is Relevant And Helpful. .......... 1

1. De Lima's Views Are Legal Conclusions. .......... 1

2. De Lima's Legal Conclusions Are Inconsistent With Governing Law. .......... 3

3. De Lima's Focus On How Other Employers Supposedly Investigate FMLA Abuse Is Misguided. .......... 3

4. Excluding De Lima's Testimony Is The Proper Remedy. .......... 4

B. Jackson Fails To Satisfy His Burden Of Showing That De Lima's Testimony Is Reliable. .......... 4

1. De Lima's General Qualifications Are Irrelevant To The Reliability Inquiry. .......... 4

2. De Lima Has Not Adequately Identified The Source Of The "HR Industry Standards" She Purports To Apply. .......... 5

3. Jackson Has Not Shown That De Lima's Analysis Is Based On Sufficient Facts Or Data. .......... 6

C. Jackson Fails To Rebut The Other Reasons Why De Lima's Testimony Should Be Excluded. .......... 6

D. The Court Should Follow *Pack* – Not *Brown* – And Exclude De Lima's Testimony In Its Entirety. .......... 7

Beth De Lima's opinions and testimony should be excluded in their entirety. They are irrelevant to the actual issues in this case, rest on an erroneous and unsupported view of the FMLA, lack any reliable methodology, and would unfairly prejudice and mislead the jury. Plaintiff Brad Jackson[1] does not adequately rebut – and in some cases does not even address – these defects. The Court should exercise its gatekeeping function and exclude De Lima's opinions and testimony.

## I. THE COURT SHOULD EXCLUDE DE LIMA'S OPINIONS AND TESTIMONY.

Jackson bears the burden of establishing the admissibility of De Lima's testimony. *Hendrix ex rel. G.P. v. Evenflo Co.*, 609 F.3d 1183, 1194 (11th Cir. 2010). He has failed to do so.

### A. Jackson Fails To Satisfy His Burden Of Showing That De Lima's Testimony Is Relevant And Helpful.

#### 1. De Lima's Views Are Legal Conclusions.

Jackson does not dispute that De Lima cannot offer legal conclusions. He argues instead that she has not done so, noting that she "made clear . . . in her deposition that she is not a legal expert." (Doc. No. 75 ("Opp.") at 8.) But just because De Lima says she is not making legal conclusions does not make it so. Her report is littered with them. (*See* Doc. No. 73 ("Mot.") at 14–15.)

[1] The remaining Plaintiff – Nicholas Ingrodi – has resolved his claims with CSX.

In response, Jackson argues that courts will not "exclude all testimony regarding legal issues." (Opp. at 8.) But even if that is true, it is irrelevant here. De Lima's testimony and report go much farther than simply "us[ing] legal terminology." (*Id.*) Her report attempts to explain the law – something that only the Court can do – and tries to tell the jury what result to reach. (*See, e.g.*, Doc. No. 73-1 ("Report") at 17 (¶ 53) (the FMLA has "a clear operational procedure to address any concerns or confusion CSX may have regarding misuse, which CSX clearly ignored"); *id.* at 11–14 (¶¶ 33–47) (purporting to explain FMLA regulations and how they apply to CSX's conduct).) Neither is allowed.

Indeed, the case Jackson cites in support of his argument – *Camacho v. Nationwide Mut. Ins. Co.*, 13 F. Supp. 3d 1343 (N.D. Ga. 2014) – is readily distinguishable. In *Camacho*, a court allowed plaintiff's expert to testify regarding the reasonableness of Nationwide's rejection of a settlement demand in accordance with insurance standards and practices where the relevant inquiry was to be "'[j]udged by the standard of the ordinarily prudent insurer.'" *Id.* (quoting *Cotton States Mut. Ins. Co. v. Brightman*, 580 S.E.2d 519, 521 (Ga. 2003)). There, the applicable legal standard was based explicitly on what other insurers would do in that scenario, something which numerous courts have found juries unequipped to assess on their own. *See id.* at 1366. Here, by contrast, the question of whether CSX believed in good faith that Jackson used FMLA leave dishonestly depends on the

factual basis for CSX's actions and not on actions taken by other employers. Expert testimony is unnecessary.

### 2. De Lima's Legal Conclusions Are Inconsistent With Governing Law.

Not only does De Lima opine about the law, she misinterprets it. Courts have upheld discipline for FMLA abuse even when employers did not follow the "curing process" De Lima insists is mandatory. *See Prichard v. Hyundai Motor Mfg. of Ala., LLC*, 418 F. Supp. 3d 930, 933 (M.D. Ala. 2019); *Juday v. FCA US LLC*, 57 F.4th 591, 596 (7th Cir. 2023). Jackson makes no effort to reconcile De Lima's views with this binding precedent. Nor does he address the fact that the regulations permit (but do not require) the curing process only when a certification is "incomplete" or "insufficient" – neither of which was the case here. (*See* Mot. at 15–17.) Jackson likewise ignores that the second- and third-opinion processes apply only when an employer "has reason to doubt the validity of a medical certification," not when the issue is about leave abuse. (*See id.* at 17 (quoting 29 C.F.R. § 825.307(b), (c)).) Jackson's silence on these points is telling.

### 3. De Lima's Focus On How Other Employers Supposedly Investigate FMLA Abuse Is Misguided.

Jackson argues that De Lima's opinions regarding "industry standards" are relevant to whether CSX's investigation and good faith belief was "reasonable[]." (Opp. at 7.) This argument is misguided. By saying that CSX should have

investigated FMLA abuse differently than it did, Jackson is essentially complaining that his discipline was unfair. But whether discipline is "prudent or fair" is an entirely different question than the one at issue in this case: whether the discipline was discriminatory. *Damon v. Fleming Supermarkets*, 196 F.3d 1354, 1361 (11th Cir. 1999). And that question can only be answered by examining the factual basis and motives for CSX's actions; the way in which other employers might have responded is irrelevant.

#### 4. Excluding De Lima's Testimony Is The Proper Remedy.

Jackson contends that any issues with De Lima's legal conclusions can be "address[ed] . . . using ordinary trial tools such as objections or cross-examination." (Opp. at 8–9.) Not so. Questions of admissibility are for the Court, not the jury. *See Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990). And once De Lima's legal conclusions are stripped away, nothing remains. Excluding De Lima's testimony is the proper remedy.

### B. Jackson Fails To Satisfy His Burden Of Showing That De Lima's Testimony Is Reliable.

#### 1. De Lima's General Qualifications Are Irrelevant To The Reliability Inquiry.

Jackson begins by regurgitating De Lima's employment history and certifications. (Opp. at 4.) But just because someone may be qualified to opine on something does not mean that their methodology is necessarily sound. *See Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1342 (11th Cir. 2003) ("[O]ne

may be considered an expert but still offer unreliable testimony."). Qualifications and reliability are separate considerations.

### 2. De Lima Has Not Adequately Identified The Source Of The "HR Industry Standards" She Purports To Apply.

De Lima failed to identify the source of the so-called "HR Industry Standards" on which her entire analysis supposedly rests. (Mot. 21-22.) Jackson claims that these standards "are not left uncited," but then points to the same conclusory paragraph that CSX already demonstrated was insufficient: De Lima's bald assertion that the standards are "set forth" by SHRM and "supported by other leading organizations." (Opp. at 5 (citing Report at ¶ 5).) That is not enough. Surely, if these standards are "generally accepted Human resources practices" (*id.*), then De Lima should have been able to identify specific sources citing them. She could not. And her generic "bibliography" – which she admits is not case-specific and includes numerous materials unrelated to the FMLA – is no substitute. *Cf. Easton v. Asplundh Tree Experts, Co.*, 2017 WL 4005833, at *4 (W.D. Wash. Sept. 12, 2017) (excluding testimony of HR expert who failed to adequately identify the source of the "HR best practices"). De Lima's failure to adequately identify her sources is grounds to exclude her testimony, as another court recently found. (*See* Doc. No. 73-4 at 4–5.)

### 3. Jackson Has Not Shown That De Lima's Analysis Is Based On Sufficient Facts Or Data.

De Lima's report distorts the record in some cases and rests on nothing more than unsubstantiated allegations in others. (Mot. 22-24.) Jackson's response does nothing to alleviate either concern. He cites the materials De Lima reviewed and her general HR experience (Opp. at 6–7), but never explains how her opinions are reliably grounded in the factual record, most of which De Lima never bothered to review. Having no good answer to CSX's arguments, Jackson repeatedly reaches for the escape hatch, arguing that these deficiencies go to weight rather than admissibility. (*See id.*) That is wrong. Jackson bears the burden of establishing by a preponderance of the evidence that De Lima's testimony is based on sufficient facts or data and is the product of reliable methods. *See Hendrix*, 609 F.3d at 1194. These are "critical questions" that go to admissibility; they cannot and should not be deferred until trial. *See* Fed. R. Evid. 702 advisory committee's note to 2023 amendments.

## C. Jackson Fails To Rebut The Other Reasons Why De Lima's Testimony Should Be Excluded.

Even relevant evidence may be excluded when its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and/or misleading the jury. *See* Fed. R. Evid. 403. And, as CSX showed (Mot. at 25–27), De Lima's testimony checks all three of those boxes. Her inflammatory

rhetoric is unduly prejudicial and her analysis would do nothing more than confuse the issues, misleading the jury along the way. Jackson responds that "the probative value" of De Lima's testimony "far outweighs any risk of unfair prejudice" (Opp. at 10), but that argument is entirely conclusory; it amounts to nothing more than Jackson's say-so. Jackson has utterly failed to carry his burden, and De Lima's testimony and opinions should be excluded as a result.

### D. The Court Should Follow *Pack* – Not *Brown* – And Exclude De Lima's Testimony In Its Entirety.

Jackson's reliance on *Brown v. CSX Transp., Inc.*, No. 8:24-cv-2777 (M.D. Fla.), is misplaced. While excluding portions of De Lima's testimony, the court admitted others. However, in doing so, the court (1) took at face value De Lima's claim that she "applied generally accepted HR standards as set forth by SHRM" despite her failure to identify any specific source (*see id.* at 15–16; *Easton*, 2017 WL 4005833, at *4), and (2) failed to address the inconsistency between De Lima's opinions and legal authority establishing that neither a "curing process" nor a second/third medical opinion is a prerequisite to disciplining an employee for FMLA abuse (*see* Doc. No. 75-1 at 10–13). The *Brown* court's ruling is not persuasive.

The more recent and better-reasoned decision is *Pack v. CSX Transp., Inc.*, No. 3:24-cv-0688 (S.D.W. Va. May 6, 2026). *Pack* is squarely on point: like Jackson here, Pack alleged retaliatory dismissal for taking FMLA leave and sought to call De Lima to opine on the same "HR industry standards." The *Pack* court excluded

De Lima entirely, finding her opinions "not relevant" to a retaliation claim (Doc. No. 73-4 at 4) and "too unreliable to be admitted under Rule 702," because she never identified the source of her purported standards (*id.* at 4–5). The same is true here.

Finally, Jackson's request to serve an entirely new report under the guise of supplementing the old one should be rejected. Expert reports were due months ago, and Jackson has not identified any good reason why De Lima should be allowed to re-write her report at this stage.

*   *   *

For these reasons, and the reasons set forth in CSX's Motion, this Court should exclude the opinions and testimony of Beth De Lima.

Dated: August 5, 2026

*<u>/s/ Thomas R. Chiavetta</u>*
Thomas R. Chiavetta *(admitted pro hac vice)*
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
tchiavetta@jonesday.com

*Attorney for Defendant CSX Transportation, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2026, a true and accurate copy of the foregoing was filed using the CM/ECF system which will send notification of such filing to Plaintiff's counsel.

*/s/ Thomas R. Chiavetta*
*Attorney for Defendant*
*CSX Transportation, Inc.*